[ *235 ] *TALMAGE & VAN PELT *vs.* THE FIRE DEPARTMENT OF THE CITY OF NEW-YORK.

In an action by the Fire Department of the city of New-York, for the recovery of a *penalty* for keeping gun-powder beyond a certain quantity, within certain limits of the city, an *order* of the mayor and two aldermen directing the gun-powder to be *restored* to the owner, is not such an adjudication as may be given in evidence in bar of the suit; had an action been brought by the owner to try the question of *forfeiture of the powder*, and an adjudication made in his favor, *it seems* that such *adjudication* might be held as in the nature of an estoppel in the action for the pecuniary penalty.

ERROR from the New-York common pleas. The Fire Department

brought an action of debt against Talmage & Van Pelt, in the court below, and on the trial claimed to recover a penalty of $93,75, for having or keeping a quantity of gun-powder, exceeding 28 pounds in weight, in their store in the city of New-York, to the southward of Fourteenth street. *See* *Statutes of* 1830, *p.* 352, § 24, 34. A member of the Fire Department went to the store, and found there three casks of powder, weighing in all 75 pounds, which were delivered to him on demand, and conveyed to a magazine for storing powder. After the seizure, the mayor and two aldermen of the city, in pursuance of the 31st section of the act, inquired into the facts and circumstances of the case, and made an order in writing, that the powder be restored to the defendants. This order was offered in evidence by the defendants, first, as being conclusive evidence in their favor; and then as being evidence for them generally : but the court rejected the offer in both forms, and the defendants excepted. The jury found a verdict for the plaintiffs, and the defendants now bring error.

*D. B. Tallmadge*, for plaintiffs in error.

*H. Ketcham*, for defendants in error.

*By the Court*, BRONSON, J. The defendants insist, that the order of the mayor and aldermen for restoring the *property, was [ *236 ] a judgment of acquittal in a proceeding *in rem :* and, as such, was conclusive, or at the least, proper evidence, between these parties.

The 24th section of the statute makes it unlawful for any person to have or keep any quantity of gun-powder exceeding twenty-eight pounds in weight, within certain specified limits in city of New-York; and the 26th section provides, that the offender " shall forfeit and pay the sum of one hundred and twenty-five dollars for every hundred pounds of gun-powder so had or kept, and in that proportion for a greater or less quantity; and all such gun-powder shall be forfeited to the Fire Department of the said city." *Statutes of* 1830, *p.* 352. There are two forfeitures—both, or either of which, may be asserted at the pleasure of the Fire Department. The pecuniary penalty must, of course, be recovered by action; but the mode of asserting the other forfeiture, is by seizing the property and storing it in a magazine, § 30; and then, if it be not restored in pursuance of the 31st section, the owner has an action against the Fire Department to try the question of forfeiture; but the action must be brought within three calendar months next after the seizure, or the property is " deemed absolutely forfeited." § 33, 34.

If the question of the forfeiture of the property had been " determined by due course of law," in pursuance of these provisions, the judgment

would, perhaps, have been conclusive as an estoppel between the same parties, in this action for the pecuniary penalty. But an order made under the 31st section, is not equivalent to such an adjudication. That section provides, that the person making the seizure shall forthwith inform the mayor or recorder and any two aldermen of the city thereof; " and the said mayor or recorder and aldermen shall thereupon inquire into the facts and circumstances of such alleged violation and seizure ; for which purpose they may summon any person or persons to testify before them, and they shall have power, *in their discretion*, to order any gun-powder so seized to be restored."

[ *237 ]    Although the mayor and aldermen may order restitution of the goods on the ground that there has been no violation *of the statute, I think it equally clear that they may do so where a case of forfeiture is fully made out. They have power " in their discretion" to restore the property seized. This is something more than a *legal* discretion, governed by the sole consideration of forfeiture or no forfeiture—it is a discretion to restore the property in what may be deemed a hard case, where, although the penalty may have been incurred, there has been no gross violation of the statute. The 33d section makes a plain distinction between an order restoring the property, and a determination of the question of forfeiture " by due course of law." A like distinction is also made in the 36th section. The case at bar was a fit one for the exercise of such a discretion as has been mentioned, and I entertain no doubt that the mayor and aldermen, in awarding restitution, proceeded on the ground that the defendants were entitled to a more favorable consideration than they could demand on a trial in a court of justice. But on whatever ground they proceeded, it is enough that it was not necessarily an adjudication upon the question of forfeiture.

Estoppel must, in general, be mutual, and yet it is quite clear that the defendants would not have been concluded on the question of forfeiture, if the mayor and aldermen had refused to restore the property. Every seizure is to be reported *forthwith*, to the mayor and aldermen ; and those officers are *thereupon* to inquire into the facts and circumstances. § 31. If they do not order restitution, the owner *still* has an action to recover the property, on the ground that there has been no violation of the statute. § 33, 34.

An order for restitution, although not necessarily a decision upon the question of forfeiture, may have the effect of relieving the owner from the loss of the property seized ; but it can, I think, have no influence in an action brought to recover the pecuniary penalty.

Whether the defendants are liable or not " upon the merits," is a matter which cannot be examined on a writ of error. No other questions were discussed on the argument.

Judgment affirmed.